*Caleb Crosby, survivor, &c.* v. *Nathaniel Crosby et al.* C. Tucker, for complainant; A. C. Southwick, for defendants. Privileged communications. In this case the chancellor decided that in order to protect communications made to an attorney or counsellor as privileged communications, it is not necessary that they should be made in relation to a suit pending, or even in contemplation of a suit. That if he is consulted professionally, or facts are communicated to him for the purpose of obtaining his advice or assistance professionally, the communication is privileged; and he has no right to disclose it or to produce the correspondence on the subject, without the consent of his client.

Order appealed from reversed and the petition dismissed, with costs to be taxed; including the costs of the appeal.

*James Platt et al.* v. *Abraham Varick et al.* C. A. Mann, for complainants; L. H. Sandford, for defendants. Demurrer for multifariousness. In this case the defendant made two assignments of his property in trust for the payment of his debts; the one to both of the complainants, of a portion of his property, and the other embracing the residue of his property, to one of the complainants only. The object of the suit was to ascertain and settle the amount of the debts due to the *cestuis que trust* respectively, some of whose debts are partially provided for in each assignment; to enable the assignes to distribute the proceeds of the assigned property among the creditors in the proportions and in the order of priority specified. *Held,* that the bill is not multifarious.

Order appealed from affirmed with costs. Defendant to have the same time to put in his answer as he had at the time of entering the appeal; with liberty to apply to have the time extended, if necessary.